**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3609
_____

MAR-LIN MINATEE,
　　　　　　　　Appellant

v.

PHILADELPHIA POLICE DEPARTMENT; CITY OF PHILADELPHIA; LT
CLIFTON LYGHTS; P.O. CYNTHIA FRYE; P.O. ROSA RAMOS; P/O PAUL
GUERCIO; P/O JOHN DESHER; SUPERVISOR BRIAN MURPHY; C.O. JAMES
DAMBACH; C.O. JOHN MCCLOSKEY; I.A.D. LIEUTENANT JOSEPH MARTIN;
I.A.D. SERGEANT SUSAN GREEN; DETECTIVE BRIAN BOOS; DETECTIVE
DAVIS; SERGEANT SEAN MCGLINN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-09-cv-03016)
District Judge: Hon. Robert F. Kelly
_____

Submitted under Third Circuit LAR 34.1(a)
October 29, 2012

Before: SLOVITER, AMBRO and ALDISERT, Circuit Judges.

(Filed: November 01, 2012)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

1

This pro se appeal by Mar-Lin Minatee requires us to decide whether the United States District Court for the Eastern District of Pennsylvania properly granted summary judgment in favor of the City of Philadelphia, its mayor, its police commissioner, and several detectives and police officers, after Minatee brought a malicious prosecution claim against them under 42 U.S.C § 1983.

I.

Because we write primarily for the parties, who are familiar with the facts and proceedings of this case, we will recite only those facts relevant to the issues of law discussed.

Following an incident with two City of Philadelphia police officers, Minatee was arrested and charged with harassment, terroristic threats with intent to terrorize another, obstructing the administration of law, resisting arrest, and disorderly conduct. In a criminal trial in the Municipal Court of Philadelphia, the Court found Minatee not guilty on all charges. Thereafter, Minatee filed a civil suit alleging malicious prosecution and excessive force, naming as defendants the Commonwealth of Pennsylvania and its governor; the City of Philadelphia and its mayor; the Philadelphia Police Department and its Commissioner; and multiple detectives and police officers.[1]

Following discovery, the City of Philadelphia, its mayor, its police commissioner, and several of the detectives and police officers named in Minatee's Complaint (hereinafter "Appellees") filed a motion for summary judgment on Minatee's malicious prosecution claim. The District Court granted the motion.

---

[1] Although Minatee alleged only malicious prosecution, the Court liberally construed his Complaint to include claims of excessive force. Minatee's excessive use of force claims were tried before a jury. At the close of the plaintiff's evidence, the Court granted a motion for directed verdict in favor of some defendants, and then, in accordance with the jury's verdict, entered judgment in favor of the remaining defendants.

Anchoring Minatee's contention that the District Court erred in granting summary judgment is the argument that he eventually was acquitted of all criminal charges brought against him. We will affirm the grant of summary judgment in favor of Appellees.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over a trial court's grant of a motion for summary judgment and apply the same standard that the district court applies. Dilworth v. Metro. Life Ins. Co., 418 F.3d 345, 349 (3d Cir. 2005). All evidence must be viewed in the light most favorable to the non-moving party and all reasonable inferences drawn in his favor. Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008). Summary judgment should be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a), Federal Rules of Civil Procedure.

III.

To prove a claim for malicious prosecution brought under 42 U.S.C. § 1983, a plaintiff must satisfy each of the following five elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks and citations omitted).

We emphasize the elements because Minatee is proceeding pro se and bottoms his argument in the following phraseology: "[T]he court below['s] decision . . . was

3

inappropriate as Appellant was found not guilty on all charges brought by [the] Defendants." Brief for Appellant 1. The District Court, however, decided that probable cause existed to arrest Minatee on several charges, thereby barring a malicious prosecution claim against any defendant. "[T]he establishment of probable cause as to any one charge [of several charges] is sufficient to defeat . . . Fourth Amendment claims," including claims for malicious prosecution. Startzell v. City of Phila., 533 F.3d 183, 204 n.14. (3d Cir. 2008).

## A.

Based on the undisputed facts, we decide that probable cause existed for Minatee's arrest. "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. Wright v. City of Phila., 409 F.3d 595, 602 (3d Cir. 2005). Although the question of probable cause is generally a question for the jury, a district court may conclude on summary judgment "that probable cause exists as a matter of law if the evidence, when viewed in the light most favorable to the plaintiff, reasonably would not support a contrary factual finding." Merkle, 211 F.3d at 788-789 (internal quotation marks and citation omitted).

Importantly, the favorable termination and probable cause elements of a malicious prosecution claim are "distinct requirements . . . and therefore should not be conflated." Kossler, 564 F.3d at 193. "[I]t is irrelevant to the probable cause analysis what crime a

4

suspect is eventually charged with, or whether a person is later acquitted of the crime for which she or he was arrested." Wright, 409 F.3d at 602 (citations omitted). Minatee's argument that the District Court inappropriately granted summary judgment is totally foreclosed by the foregoing discussion in Wright. Likewise, his challenge to applying the teachings of Wright because of an alleged difference in the facts gets him nowhere. In Wright this Court did not fashion a new rule of law, but rather we relied on the teachings of Michigan v. DeFillipo, 443 U.S. 31, 36 (1979) ("[T]he mere fact that the suspect is later acquitted is irrelevant . . . ."). "Probable cause need only exist as to [one of the] offense[s] that could be charged under the circumstances." Reedy v. Evanson, 615 F.3d 197, 211 (3d Cir. 2010) (alteration in original) (quoting Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994).

Here, Minatee was charged with harassment, terroristic threats with intent to terrorize another, obstructing the administration of law, resisting arrest, and disorderly conduct. We now discuss certain of these offenses in the context of whether there was probable cause to make an arrest. It is not necessary to discuss the full panoply of charges against Minatee.

B.

In Pennsylvania a person commits the crime of obstructing the administration of law when he "intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act . . . ." 18 Pa. C.S.A. § 5101. Here, an officer of the Philadelphia Police Department explained to Minatee that the officers were deeming the encounter a "live stop" and confiscating the car because its owner, Minatee's

5

companion and a passenger in the car, had a suspended license.[2] Minatee contested that the companion's license was suspended and told the officers that he, not his companion, had been driving the car. When a tow-truck arrived to take the car, Minatee went to the car and sat in the passenger seat to prevent it from being towed. After some time, Minatee got out of the car but remained close to it. Minatee continued to argue with the officers and admits yelling at one point.[3]

Under the foregoing circumstances the police had probable cause to arrest Minatee, because they could have reasonably believed that an obstruction offense had been committed.

C.

Minatee was also charged with disorderly conduct. In Pennsylvania a person commits the offense of disorderly conduct when he or she:

> with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . (1) engages in fighting or threatening, or in violent or tumultuous behavior; (2) makes unreasonable noise; (3) uses obscene language, or makes an obscene gesture; or (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa. C.S.A. § 5503. Words or acts rise to the level of disorderly conduct when "they cause or unjustifiably risk a public disturbance." Startzell, 533 F.3d at 204 (internal

---

[2] "Live stop" is a Philadelphia Police Department program that enforces provisions of the Pennsylvania Vehicle Code. See 75 Pa. C.S.A. § 6309.2(a)(1). It requires law enforcement officers to "immobilize" or, "in the interest of public safety, direct that the vehicle be towed or stored" if it is operated "on a highway or traffic way of [the] Commonwealth [of Pennsylvania]" by a person whose operating privileges have been "suspended, revoked, canceled, recalled or disqualified or where the person is unlicensed." Id.

[3] These facts are taken from the District Court's Memorandum dated September 9, 2011. The Memorandum states that all facts contained within were taken directly from Minatee's own deposition unless otherwise noted.

quotation marks and citation omitted). Here, Minatee created a public disturbance after he double-parked a car on a public street, blocking the street to other traffic. He stated, "Y'all not taking shit," and refused to step away from the car. He also admits to yelling at one point and to telling one officer, "I know we are going to rock and I want you #4902 Ramos to throw the first punch." Plaintiff's Citizen Complaint 3. The police officers state that they interpreted this language as a threat. Thereupon one of the officers ordered Minatee to move to avoid the threat of being tasered. He continued to refuse to move and he was first tasered and then arrested.

Under the foregoing circumstances the police had probable cause to arrest Minatee, because they could have reasonably believed that Minatee's conduct and language rose to the level of disorderly conduct.

### D.

To prevail on a charge of malicious prosecution a plaintiff is required to prove that none of the charges were "initiated without probable cause." Kossler, 564 F.3d at 186. The foregoing analysis demonstrated probable cause for the officers to believe certain offenses had been committed, thus vitiating plaintiff's malicious prosecution claim, which requires a lack in probable cause for all the charges. Moreover, it bears repeating that "it is irrelevant to the probable cause analysis" that a "person is later acquitted of the crime for which she or he was arrested." Wright, 409 F.3d at 602 (internal citations omitted).

### II.

An alternative basis for affirming the District Court's grant of summary judgment in favor of Appellees is that Minatee failed to introduce evidence that any defendant acted maliciously towards him as required in the teachings of Kossler. See 562 F.3d at

186. This Court has previously described malice in some detail:

> [T]he Supreme Court of Pennsylvania never has defined malice as meaning only spite. "Legal malice is not limited to motives of hatred or ill will, but may consist of defendant's *reckless* and oppressive *disregard* of plaintiff's rights." . . . [M]alice can mean ill-will or the use of a prosecution for an extraneous purpose or a lack of belief in the guilt of the accused. . . . *See also* Restatement of Torts § 668, Comment d (1977) (defining malice as initiation of criminal proceedings for an improper purpose, which is further defined as when (1) the accuser does not believe in the guilt of the accused; (2) the proceedings are initiated primarily because of hostility or ill will toward the accused; or (3) the proceedings are initiated for the purpose of obtaining a private advantage).

Lippay v. Christos, 996 F.2d 1490, 1503 (3d Cir. 1993). The District Court determined, and we agree, that "Plaintiff has produced no evidence whatsoever showing that any of the Defendants prosecuted him out of ill will[,] . . . lacked belief in the propriety of the prosecution or instituted the proceedings for an extraneous improper purpose." District Court Opinion 18.

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.

8